1828.

Hurd
v.
Everett.

---

*HURD AND SEWALL v. EVERETT.                     [*124]

Amendments to a bill, when allowed, are always considered as forming part of the original bill. They refer to the time of filing the bill, and the defendant cannot be required to answer anything which has arisen since that time.

THIS was a petition for a rehearing, on exceptions to master's report, disallowing exceptions to third answer of defendant to the amended cross-bill.                     June 30th.

*H. D. Sedgwick*, for the complainants.

*W. Slosson*, for the defendant.

THE CHANCELLOR:—The amendments to a bill, when allowed, are always considered as incorporated in, and as forming part of the original bill. They have reference to the time of filing the bill, and the defendant cannot, by any amendment, be called upon to answer any thing which has occurred since that time. Considering the amended bill in this cause as an entirety, and as if the defendant was now for the first time called upon to answer it, the prayer introduced by the last amendment is perfectly senseless, and is

1828.

In the Matter
of Howe.

not supported by any thing contained in the bill. It presents the strange anomaly of a prayer in a bill, that the defendant may be compelled further to answer as to matters which will be contained in his answer, but which are no where referred to in the bill, except in such prayer. The subject matter of the exception relied upon in this case was, therefore, such as the defendant was not bound to answer.

Independent of this informal and impertinent prayer, the subject matter of the bill, as amended, is fully answered.

The petition for a rehearing is dismissed, with costs to be paid by the complainants.