MUMFORD SMITH and others *v.* ST. LOUIS MUTUAL LIFE INSURANCE COMPANY and others.

### April Term, 1876.

AMENDED AND SUPPLEMENTAL BILL — WHEN IT FORMS PART OF ORIGINAL RECORD. — An amended and supplemental bill which merely introduces supplemental matter and new parties to sustain the relief sought by the original bill, incorporates itself with such bill, and the two form one record; and, therefore, where a bill had been filed by the policy-holders and creditors of a foreign insurance company on the ground of insolvency, under which property was attached, and afterwards two amended and supplemental bills were filed, to all which answers were put in by the defendants, and then a third amended and supplemental bill was added, partly to bring in new policy-holders as complainants, and partly to bring before the court another defendant as an assignee from the other defendants *pendente lite*, it was *held* that a demurrer to the last bill would not lie.

*M. M. Brien, Jr.*, for complainants.
*R. McP. Smith*, for defendants.

THE CHANCELLOR: — The complainants, as holders of policies of insurance issued to them by the St. Louis Mutual Life Insurance Company, filed their original bill against that company and others, to impound the funds of the said company in the hands of the comptroller of the

state, deposited, under the law, in trust for the citizens of this state taking risks in the company. The complainants afterwards filed an amended bill, and then a second amended bill, principally to bring in new parties plaintiff and defendant. The St. Louis Mutual and the St. Louis Life Insurance Companies filed a joint answer. The complainants thereupon filed a third amended bill, partly to bring in new policy-holders as complainants, and partly to bring before the court another defendant, the Life Association of America, alleging that the St. Louis Mutual Life Insurance Company had made with said new defendant a contract for the transfer to it of its assets, in some arrangement by which the new defendant had taken control of the assets and business of the St. Louis Mutual, and seeking to follow those assets.

The three companies — the St. Louis Mutual, the St. Louis Life, and the Life Association of America — join in a demurrer to the third amended bill, assigning for causes of demurrer, —

1. That said bill is unknown to the forms of the court.

2. That it is multifarious.

3. That the new parties complainant are improperly joined with those who are parties to the previous bills ; that the new bill is an original bill as to such parties, and an amended and supplemental bill as to the others.

The new bill being for substantially the purpose of the previous bill, only making additional complainants, standing in the same attitude as the original complainants as policy-holders of the St. Louis Mutual, and seeking substantially the same relief, and to this end finding it necessary to bring in another defendant, as having obtained control *pendente lite* of the effects sought to be reached, I am unable to see in what respect it is unknown to the forms of the court. It is an every-day occurrence in this court to make new parties, complainant and defendant, wherever sufficient cause exists for it ; and a supplemental bill for the purpose — and

that is what this bill is — seems in every way appro-
priate, and in strict accord with the usages and forms
of the court.   Such bills recite the previous bills with more
or less fulness, according to the industry of the counsel; and
the recital, even if it err on the side of prolixity, will not
for that reason be pronounced unknown.

Nor can I see that the new bill is more multifarious than
its predecessors.   There are more complainants and one
more defendant, but the new complainants are policy-
holders of the St. Louis Mutual, and beneficiaries entitled,
if they establish their rights as alleged, to share in the funds
sought to be impounded.   They were necessary parties,
either as complainants or defendants, and whether they
were made parties to the bill by name, or only by filing the
bill in the name of a few for the benefit of all, they were
parties, and their claims would require to be passed upon.
The vinculum which connects them is their common interest
in a common right in the fund sought to be reached, and in
the fraudulent acts of the defendants sought to be impeached.

It is a mistake to say the new bill is an original bill as to
the new complainants, and an amended and supplemental
bill as to the old complainants.   An amended and supple-
mental bill, which merely introduces supplemental matter
and new parties to sustain the relief sought, incorporates
itself with the previous bill, and the whole becomes one bill
for all the ordinary purposes of litigation.   *Wilkinson* v.
*Fowkes*, 9 Hare, 198, 594; *Bradley* v. *Dibrell*, 3 Heisk.
522.   Whether the new and old complainants are properly
joined, turns, not upon the original or supplemental character
of the particular pleadings, but upon their connection with
the subject-matter of litigation, and with each other.
*French, Tr.*, v. *Hay*, 22 Wall. 246; *Cotton* v. *Carlisle*, 5
Mad. 427; *Hurd* v. *Everett*, 1 Paige, 124; *Wilson* v. *Bea-
dle*, 2 Head, 512.

The demurrer is not well taken, and must be overruled.