WM. MORROW, Adm'r, v. F. L. FOSSICK et als.

PARTNERSHIP. *Foreign. Chancery practice and pleadings.* A creditor having attached a debt as due to his non-resident debtor, the money was paid into court, and the debtor put in a plea that the fund was not his property, but the property of a non-resident firm of which he was a member, whereupon the creditor filed an amended and supplemental bill against the members of the firm to ascertain the interest of the debtor in the fund, and the defendants moved to dismiss the bill upon the ground that the court had no jurisdiction of the person of the defendants. Held, that the motion was not well taken. *Semble*, the court would have jurisdiction to take an account of the foreign partnership, if necessary to ascertain the interest of the debtor in the fund.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

GEORGE WASHINGTON for complainant.

A. S. PROSSER and HENDERSON & JOUROLMON for defendants.

COOPER, J., delivered the opinion of the court.

On the 11th of September, 1876, the complainant, as a creditor of F. L. Fossick, filed this bill against his debtor as a non-resident of the State, and one Woodruff, to attach the indebtedness of Woodruff to Fossick, and subject it to the satisfaction of his debt. The debt was attached, the amount admitted by Woodruff and paid into court. On the 26th of September the defendant Fossick entered his appearance and was

9—VOL. 3.

allowed time to answer. On the 11th of November the Chancellor, for some reason not appearing nor apparent, vacated the entry of appearance and allowed Fossick to file a plea in abatement to the effect that the fund attached was not his property, but the property of a firm composed of himself and his two sons, F. L. Fossick, jr., and G. E. Fossick, doing business in the State of Alabama. Thereupon the complainant obtained leave of the court, and on the 16th of February, 1877, after Woodruff had paid the money into court, filed an amended and supplemental bill against the members of the firm, charging that a large part if not all of the fund attached belonged to the original defendant and debtor, and asking "that the affairs of said firm, if firm it be, be settled" in the Chancery Court, and the debtor's interest be ascertained and appropriated to the satisfaction of complainant's debt. The bill further prayed that the fund in controversy be held subject to the further orders of the court, and, if proper, that another attachment issue to be levied on the individual interest of the debtor in said fund. The defendants, the Fossicks, each for himself entered a motion to dismiss the amended and supplemental bill because it showed "that the court had no jurisdiction of the person of the said defendants, or any one of them." The Chancellor sustained these motions and dismissed the bill.

When a complainant has preferred his bill and is advised that the same does not contain such material facts, or make all such persons parties as are necessary to enable the court to do complete justice, he

may alter it by inserting new matter, or by adding such persons as shall be deemed necessary parties, or both. And although it is the practice to call a bill thus altered an amended bill, the amendment is in fact esteemed but as a continuation of the original bill, and as forming part of it, for both the original and amended bill constitute but one record. 1 Dan. Ch. Pr., 402; Vere v. Glynn, 2 Dick., 441; Catton v. Carlisle, 5 Mad., 427; Hurd v. Everett, 1 Paige, 124; Wilkinson v. Fowlkes, 9 Hare, 198, 594; Bradley v. Dibrell, 3 Heis., 522; Wilson v. Beadle, 2 Head, 512. The object of the original bill is to subject to the satisfaction of the complainant's debt the interest of the debtor in the fund upon the supposition that he is entitled to the whole of it. The object of the amended bill is the same, still asserting that the defendant debtor is entitled to the whole fund, but, upon an alleged claim by the other defendants, asking that their claim be inquired into, the interest of the debtor ascertained and subjected. In this view the new bill is, beyond all question, a mere amendment as to the original debtor, and a motion by him to dismiss on the merits would not lie. If, too, the amended bill can be considered as still asserting the debtor's right to the fund, and disputing the question of partnership between the defendants, a motion to dismiss on the merits would not lie by any of the defendants.

But the motion to dismiss is not rested on the want of jurisdiction over the subject matter of the litigation, but because the court had no jurisdiction of the person. So far as the original debtor is con-

cerned, this motion is clearly not well taken. He is in court by virtue of the original attachment, and the payment of the fund attached into court, both bills expressly asserting that he has the whole interest therein. As to the two other defendants, the jurisdiction of the court over their person depends upon the Code, sec. 4311, sub-secs. 4 and 5. Sub-sec. 4 is: "Bills against non-residents may .be filed in the district in which the subject of the suit or any material part thereof is." The subject of this suit being the money attached, is impounded in the court in which the bill is filed, and in the very suit in which the bill sought to be dismissed is an amended pleading. Sub-sec. 5 is: "Whenever attachment of property is allowed in lieu of personal service of process, the bill may be filed in the county or district in which the property, or any material part thereof sought to be attached is found at the commencement of the suit." The attachment already sued out as to the debtor is sufficient to give the court personal jurisdiction as to him under the new bill, which is merely an amendment of the original bill so far as he is concerned. Moreover, the fund being already in court, the prayer that it be held subject to the order of the court probably dispenses with a formal attachment, which could not be levied without permission of the court. If this impounding is equivalent to attachment, the jurisdiction of the court over the person of all of the defendants is secured, and certainly possession of the subject matter of the suit gives such jurisdiction.

In this view the question of real difficulty in this cause is not now before us, and that is whether a court of chancery of this State can so far take jurisdiction of a foreign partnership as to ascertain whether one of its members has such an interest in funds attached by his creditor, but claimed by the firm, as may be subjected to the satisfaction of the creditor's debt. The right of the creditor to seize the firm property, either by execution or attachment, for the debt of the member of. the firm, and sell or appropriate the debtor-partner's interest, and, ordinarily, to file a bill in advance of sale to ascertain that interest, is conceded. *Haskins* v. *Everett,* 4 Sneed, 531; 1 Sto. Eq. Jur., sec. 677. The objection is that the court has not sufficient control over the partners, their books and business, to effectually exercise the jurisdiction in the case of a foreign partnership. But the court has control of the fund in controversy, which it can appropriate at any time to the satisfaction of the creditor's demand, unless the proper accounts are furnished, and proper facilities tendered for taking the account. Of course it would be unreasonable to require the partnership books to be produced, or the partners to be brought to this State. But I see no difficulty which may not readily be overcome in assuming the jurisdiction, if the creditor chooses, after the disclosure by answer to which he is entitled, to risk the expense of having the books examined by experts, and taking the necessary proof, with access to the books, at the place of business of the firm. Theoretically, the subject seems to bristle with difficulties,

while practically there would be little more difficulty than would attend a similar account of a domestic partnership. The probability is that in the majority of cases the partnership interest of the member would be fairly stated in the answers, or be shown by the balance sheets produced, and the litigation terminated. At any rate, I am unwilling to concede that a court of chancery cannot successfully grapple with the supposed difficulties, and I am unwilling to deprive a creditor of any means afforded by the law to obtain satisfaction of his debt from the property of a reluctant debtor. I am still more unwilling to force a home creditor to resort to a foreign forum for the recovery of his debt, when the case presented is one over which the court would clearly have jurisdiction if the partnership were domestic, though located in a distant county from that in which the suit is pending.

The decree of the Chancellor will be reversed, and the cause remanded for further proceedings.

FREEMAN, J., delivered a dissenting opinion.

In 1876 complainant filed an attachment bill in the Chancery Court at Knoxville claiming a debt due individually from F. L. Fossick, a resident of the State of Alabama. It was charged that the debtor had no property in the State known to complainant except a debt due from W. W. Woodruff, and this debt was attached. Woodruff answered, but it turned out the debt was shown by him to be due not to F. L. Fossick individually, but to a firm in the State of Ala-

bama known as F. L. Fossick & Co., composed of
F. L. Fossick and his two sons, we believe, engaged
in some business connected with the sale of marble in
some of its forms.    F. L. Fossick appeared by at-
torney and filed a plea that said attachment had not
been levied by garnishment or otherwise upon the
property, estate, or effects of himself, that he had no
property in the State subject to process of attachment,
but that the debt attached as due from Woodruff was
not due to defendant, but to the firm of F. L. Fos-
sick & Co., giving the name of the firm, and that
they were doing business in the State of Alabama,
and all non-residents of the State of Tennessee.    This.
plea stands to the original bill, no disposition having
been made of it by the court, or its action invoked
upon it in any form.

Complainant, however, asked and obtained leave of
the court, and did file what is called an amended and
supplemental bill, but which is in fact, as I think,
only an original bill against the firm of F. L. Fos-
sick & Co., seeking to wind up and settle said firm
in our State, based on the fact alone that one of the
members of the firm owed complainant an individual
debt, and that on information and belief there would
be found a balance in his favor on taking the part-
nership account which complainant insisted to have ap-
plied to his debt.

A motion was made by attorneys of defendant to
this bill to dismiss for want of jurisdiction of the per-
sons of the defendants, which was sustained.    From
this decree alone an appeal in error is prosecuted to

this court. The action of the court on these facts is alone before us.

The supplemental matter in this case is nothing more than the fact of a partnership charged, the names of the partners, where the firm is, to-wit, in Alabama, with an averment of belief that on settlement of the firm a balance will be found in favor of the individual debtor, and a prayer for discovery of the terms of the partnership, the amount of the capital put in by each, and then a prayer that the firm be settled up, account had of its condition, and ascertainment of the interest of the debtor, and then an appropriation of that interest to complainant's debt.

This court has held that the interest of a partner in a firm may be sold for his individual debt. *Haskins & Reynolds* v. *Everett*, 4 Sneed, 532. The court says, in giving that opinion, " The purchaser, however, only takes the interest of such judgment debtor after the settlement and adjustment of the partnership accounts, and not in proportion of the property sold. What that interest is cannot genally be ascertained until a final settlement and adjustment of the partnership concerns. The effect of the sale and purchase is only to place the purchaser in the shoes of the partner whose interest he buys, and make him a tenant in common with the other partners. This is a necessary consequence of the rule that each partner has a lien on the partnership property as well for the debts due by the firm as his own share and proportion thereof. The judgment creditor or purchaser must take the interest sold subject to all such liens and

claims.    To ascertain  the  interest  sold,  the  purchaser
or  the  other  partners  may  file  a  bill  for  the  settle-
ment  of  the  partnership."    The  court  adds,  "The
great  uncertainty  of  the  value  of  this  interest  does  not
effect  the  principle."

If  the  creditor  chooses  to  avoid  this  he  may,  or
the  sheriff,  with  his  consent,  may  file  a  bill  in  ad-
vance  of  the  sale  and  ascertain  with  exactness  the  in-
terest  of  the  partner  before  the  sale.    The  court,  how-
ever,  is  here  treating  the  case  of  levy  of  an  execu-
tion  which  is  necessarily  based  on  a  judgment,  and
involves  the  necessity  of  jurisdiction  of  the  parties.

Judge  Story  lays  down  the  same  doctrine  with
more  distinctness  in  vol.  1,  Eq.  Jur.,  sec.  677.    In
such  case,  he  says,  "the  judgment  creditor  can  levy
not  on  the  moiety  or  individual  share  of  the  judgment
debtor  in  the  property  as  if  there  were  no  debts  of
the  partnership  or  lien  on  the  same  for  the  balance
due  to  the  other  partner,  but  he  can  only  levy  on
the  interest  of  the  judgment  debtor,  if  any,  in  the
property  after  payment  of  all  debts  and  other  charges
therein."    He  then  goes  on  to  say  that  the  sale  does
not  transfer  any  part  of  the  joint  property  to  the
vendee  so  as  to  entitle  him  to  take  it  from  the  other
partners,  for  that  would  be  to  place  him  in  a  better
situation  than  the  partner  himself.    But  it  gives  him,
properly  speaking,  a  right  in  equity  to  call  for  an
account,  and  thus  entitle  himself  to  the  interest  of  the
partner  which  shall,  upon  such  settlement,  be  ascer-
tained  to  exist.

Mr.  Parsons,  in  his  work  on  partnership,  in  the

discussion of the question of attachment of the interest of a member of a firm, lays down the general rule to be "that the separate interest of a partner is not open to an attachment in a foreign jurisdiction. He suggests reasons why circumstances might create an exception to the rule (see secs. 355–6), then gives as his conclusion that such an interest ought to be held subject to such process. Sec. 357. But he does not intimate that more than this interest can be so attached, nor does any decision or writer that we have seen hold such a view. It would be contrary to principle, as well as unjust, it appears to us, to hold that the property of others could be attached because a man associated with them had incurred a debt.

If these principles be correct, and there can be no question, both on general authority and our own decisions, of this, then it seems clear to me this supplemental bill cannot be sustained. It is but an attempt by way of supplemental matter to have the account taken and firm settled up before or in order to an appropriation of the interest of the debtor when it can be ascertained. If the purchaser who buys what is levied on but stands in the shoes of the partner, it is because the levy but fixes on that interest and no more, for he gets all the officer takes, and the officer only gets, by the levy of execution, the interest of the partner—an attachment only fixes a lien on it. If the levy only puts the officer or the purchaser in the shoes of the debtor partner, the question is, could the partner, being a non-resident, come here and file a bill to wind up this partnership on

the facts alleged? This would not be pretended. Why? Simply because the court has no jurisdiction of the parties, and cannot get it. How is it possible, then, that a party with a simple lien fixed on the interest of the debtor can get higher than his debtor? The lien of the attachment gives the right to have the property or interest on which it is fastened sold when the debt is ascertained. When that sale takes place the purchaser only gets a right to an account and settlement of the firm. How can there be more in the creditor before the sale than goes to the purchaser under the sale?

If this be correct, then under the original bill you have all the parties before the court who has any interest in that litigation, that is the debtor. You seek to sell his interest, he is before the court when you levy on that interest, or it may be so assumed for this case. No decree can be made in that case against the other partners, nor is their title sought to be in any way effected; no claim of right is sought, or could be made against them. Why, then, should they be made parties? It can only be for a purpose not involved in the original suit, and that purpose is one to which they have the right to object, as they have done in this case, and resist the jurisdiction. The fact that what is sought is presented in the form of a supplemental bill to the original, and as part of that proceeding can make no difference. The essential fact remains that this is a bill by a party in this State to wind up a partnership in another State, filed against parties not within the juris-

diction of the court, and even when the court has no rightful control.    If the original bill does not show that it is but the interest of the partner in the firm that is sought to be subjected, let it be amended in that reference, and so perfected.

The only party concerned in that question is the debtor who alone represents that interest, the creditor only taking or seeking to have a decree against his individual interest after the partner's interest has been separated from it, and a right on the part of the purchaser of such interest by being placed in the shoes of the debtor to have an account to ascertain what that interest is.    The other partners are not necessary parties for the objects of the original bill; the purposes of the supplemental bill are such as the court has no power to effectuate or adjudicate against the claim of the parties.

I think the radical error of the majority opinion is in assuming that this court has jurisdiction of the subject matter of the litigation presented in the amended bill.    The subject matter of the original bill is the debt due from F. L. Fossick to Morrow, with an attachment alleged to have been levied on his property.    The subject matter of the amended bill is to wind up and settle the partnership between F. L. Fossick and his two sons in the State of Alabama. This firm has no local existence in this State, nor can the court get jurisdiction of its subject matter by levying an attachment on the property of F. L. Fossick, or claimed to be his.    What right can a debtor of F. L. Fossick have to litigate with other parties in

order to sell his property? What possible subject matter of this firm has the court jurisdiction of? It is conceded and laid down by all authority that you can only levy on the individual interest of a partner for his individual debt. You cannot levy on the property of the firm for the debt of an individual partner. If this be so, then no attachment is on the property of the firm, nor is that property the subject matter of the litigation. The original bill nor the amended bill seek to appropriate the property of the firm, but only of F. L. Fossick. That is the subject matter of the litigation, and under cover of a claim against one partner, and an attachment against his property, by the holding of the majority, you acquire jurisdiction over another and different party, a non-resident of the State. On that principle you can always bring a party into court and get jurisdiction over him. You have but to levy an attachment on the property of a citizen, and then amend by making the party you wish a party by publication, and thus compel him to litigate with you in our courts. The simple question really in this case is, whether a debt due to a firm in this State gives or can give the court of this State jurisdiction to wind up the partnership because it is assumed the court has jurisdiction of it by reason of the levy of an attachment on the individual interest of a partner to pay his debt. Is this debt the subject matter of the partnership? I think not. The other members of the firm may well say, we do not dispute your right to sell the interest and property of your debtor, with that we have nothing to do; you

have no right, however, to make us parties to that litigation in your court. And I can see no answer to it. The levy of an attachment on the individual interest of the debtor-partner surely can give the court no jurisdiction over the firm of which he is a member, unless you hold a levy on one man's property will bring another into court. Yet this must be the basis of the jurisdiction, for there is no other fact in the record on which it can rest.

The principle is conceded as a matter of course that if a bill does not contain material facts, or make such persons parties as are necessary in order to enable the court to do complete justice, complainant may supply these defects by amendment. But to do complete justice can only mean to settle the rights of complainant and defendant, not the rights of complainant against other parties who are in this case not claimed to be debtors of complainant, and against whom no relief can be sought on the footing of having a debt against F. L. Fossick. He is the sole debtor, and his individual interest is alone to be affected by the decree. You can sell, but in doing so you can and do decree nothing against the other defendants. The effort, however, is, in this case, by selling the individual interest of F. L. Fossick, to give the court jurisdiction of the firm of F. L. Fossick & Co., and wind up a partnership existing in the State of Alabama. It seems to me the decree would be void when made under the late decision of the Supreme Court of the United States in the Oregan case, *Pennoyer* v. *Neff*, Rep. vol. 5, 358, which

Morrow v. Fossick.

holds that a State court can only take jurisdiction of parties non-resident to the extent of appropriating any property they may have within its jurisdiction, but that a personal decree against such parties is void for want of jurisdiction. This being so, if the parties resist or decline to submit to the jurisdiction, the decree has no force, and is useless; and if they decline to answer, and a decree *pro confesso* is taken, then how will you wind up the partnership? That is the object of the bill. You surely will not appropriate the entire property, that would be manifestly an outrage on justice. Would you, then, be compelled to do what I have maintained you ought to do, that is, sell the interest of the parties, whatever it may be, and leave the purchaser to assert his rights? Your effective jurisdiction at last depends on the consent of the defendants, so I think. If the object of the original bill and amended bill is to appropriate the whole debt from Woodruff, as being the property of F. L. Fossick, then it must stand on that ground, and maintain that to be the fact. If so, then, there is no need to introduce partners who have no interest on that assumption. If this is not the fact, and the partners have an interest as a firm, they are not before the court, and the court has no power to bring them before it. This can only be done by levy of attachment on their property, alleging a debt due from them, or by personal service, and neither is claimed in this case.

I conclude, for these reasons, the decree of the Chancellor should be affirmed.