## GILLETT BROTHERS *vs.* WALTER *et al.*

Where a bill was filed against certain persons doing business under a stated firm name, and the prayer for subpœna was against the firm, but the subpœna was issued against and was served on the individuals composing the partnership, this was sufficient, although the prayer was for subpœna against the firm, and not against the individuals.

(*a.*) If this was a defect, it was amendable.

(*b* ) The distinction between law and equity has been nearly, ᴗ not quite, abolished in this state.

January 21, 1885.

Practice in Superior Court. Equity. Partnership. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision,

BIGBY & DORSEY; C. H. & R. B. BARNES, for plaintiffs in error.

J. A. GRAY; T. P. WESTMORELAND, for defendants

BLANDFORD, Justice.

The bill in this case was exhibited against W..S. Gillett and T. J. Gillett, of Fulton county, doing business under the firm name and style of Gillett Bros. It alleged that the firm was indebted to complainants certain sums of money; and there were many allegations of fraud against defendants. The prayer for subpœna was against Gillett Bros. Defendants moved to dismiss the bill, because the prayer for subpœna was not against the individual members of the firm, but was only against Gillett Bros. The court overruled this motion, and this is excepted to.

The distinction between law and equity in this state is very slight. Under paragraph 2, section 4, article 6, constitution of this state, Code, §5140, it is provided, "That the general assembly may confer upon courts of common law all the powers heretofore exercised by courts of equity in this state."

The first paragraph of the same section and article confers upon the superior courts of this state exclusive jurisdiction in equity cases. The superior courts of this state have general jurisdiction in all cases arising at law or in equity, except such special jurisdiction as is conferred on the courts of ordinary and on other inferior judicatories. By the act of 1820, Code, §3082, it is further provided that a party is not compelled to resort to equity, but he may institute his suit for an equitable cause of action on the common law side of the court, at his option, and the jury are authorized to give a verdict, and a judgment may be rendered thereon, so moulded as to give equitable relief, as verdicts and decrees are rendered in equity proceedings. It appears that this act and clause of the Code do nearly,

if not fully, abolish all distinction between law and equity. There may be more legislation required for this purpose, in view of the constitution before cited; but at last, there is in fact but little, if any, difference. Equity is that law which is administered by a court exercising peculiar powers. It is law, a rule certain, fixed and determined as fully as any law administered by courts of law; and in this state, the same court which administers the common law likewise dispenses equity law. The same juries in each class pass upon the facts in issue between the parties; and the substantial difference seems to be that in equity cases the plaintiff is " your orator," and in law cases he is " your petitioner." The Code, §§3350, 1899, authorize partnerships to be sued in the firm name.

It would be no stretch of power to hold that these statutes extend to suits in equity as well as at law, as such a small difference exists between the two jurisdictions in this state.

The question made by the exception and assignment of error by the plaintiff in error was virtually decided in the case of *Curry vs. Hillhouse et al.*, 5 *Ga.*, 255. The bill is exhibited against certain persons named, using a certain firm name. The prayer is against the firm. The subpœna issued against, and was served upon, the individuals composing the firm; and as was held in the case cited, so we hold, that this was sufficient; even if it was a defect, it was amendable under our statutes of amendment.

Judgment affirmed.