ROSS (ANDERSON v.). See Case No. 361.
ROSS (BOND v.). See Case No. 1,623.

## Case No. 12,072.
### ROSS et al. v. CARPENTER et al.
[6 McLean, 382.] [1]
Circuit Court, D. Ohio. April Term, 1855.

PLEADING IN EQUITY—RULES—AMENDMENTS—WHEN ALLOWED.

1. By the 29th rule of the rules regulating the chancery practice of this court, a bill is not

[1] [Reported by Hon. John McLean, Circuit Justice.]

amendable after replication filed, unless the plaintiff shows, that "the matter of the proposed amendment is material, and could not with reasonable diligence, have been sooner introduced."

2. If the amendment asked for, is the introduction of a new party to the bill, whose interest was known to the original plaintiffs or their agent, when the bill was filed, the amendment will not be allowed. As the 29th rule makes no provision for an amendment of the bill, after the cause is at issue, and depositions have been taken and filed, it may fairly be construed as prohibiting it. If granted, it must be under very special circumstances.

3. In a case which has been pending and at issue for a long time, especially if the answer denies the equity of the bill, and sets up lapse of time in bar of the plaintiff's claim, no reason is afforded for the relaxation of established rules of practice.

[This was a bill in equity by F. A. Ross and others against Thomas D. Carpenter and others. Heard on motion for leave to amend.]

H. Stanberry, for plaintiffs.

H. H. Hunter and Swan & Andrews, for defendants.

LEAVITT, District Judge. In this case, a motion has been filed for leave to amend the bill, by adding the name of Bezer Latham, as one of the plaintiffs. This motion is resisted by the defendants, on the ground, that when a bill has been long pending, and answers and replication have been filed, and depositions taken by the parties, an amendment of the bill cannot be allowed. The bill sets up an equitable interest in the tract of land, described in it. It was filed in this court, on the 25th of June, 1847. In 1849, the answers of the defendants were put on file, denying the plaintiffs' equity, and calling for strict proof of the allegations of the bill. The case was put at issue, by a replication, filed in July, 1851; after which depositions were taken by the parties, from time to time, and placed on file. In September, 1853, the deposition of Allen Latham was taken, who disclosed the fact, that prior to the commencement of this suit, he had conveyed an interest in the tract in question, to the said Bezer Latham, whose name it is now sought to introduce as a party to the bill, which interest still remains in the said Bezer Latham. It also appears from this deposition, that Allen Latham was cognizant of, and had a direct agency in the institution of this suit. He states that he procured the assent of the persons, in whose names the bill was filed, that the suit should be so brought; and that in concert with one Bela Latham, since deceased, who was the agent of said Bezer Latham, a resident of the state of New Hampshire, he retained counsel, and authorized the suit to be brought in this court.

On these facts, it is insisted, leave to amend the bill ought not to be granted; and it does not seem to be allowable from the language of the 29th rule of the rules adopted by the supreme court, for the equity practice in the circuit courts of the United States. In relation to the amendment of bills, that rule

provides, that "after replication filed, the plaintiff shall not be permitted to withdraw it, and to amend his bill, except upon a special order of a judge of the court, upon motion or petition, after due notice to the other party, and upon proof by affidavit, that the same is not made for the purpose of vexation or delay, and that the matter of the proposed amendment is material, and could not with reasonable diligence, have been sooner introduced into the bill," etc. It is very clear, the last requirement of this rule has not been complied with. No showing of "reasonable diligence" in procuring this amendment appears; nor is any reason given for the great delay which has occurred, in asking for it. Indeed, from the facts before the court, it would seem to be impossible that this provision of the rule can be complied with. As before noticed, this suit was brought not only with the knowledge, but by the immediate agency of Allen Latham, who was apprised of the interest of Bezer Latham in the land in controversy, and of the necessity of his being a party to the bill. And no reason or excuse is given, why he was not made a party. The rule cited prescribes only the conditions, on which the bill may be amended, after replication filed, but is silent, as to amendments, when the further progress of taking depositions in the case has been made. This marks another stage in a chancery cause. And as the rule does not contemplate the right of amendment, after depositions have been taken, it may perhaps be fairly inferred, that it is prohibited. By the practice of the English courts of equity, it seems, that unless under very special circumstances, a bill cannot be amended, after the case is at issue. It will not be allowed, in any case, unless the plaintiff shows not only that the proposed amendment is material, but that the party was not in a condition to have made it, at an earlier stage in the cause. Story. Comm. § 332, and the authorities there cited. But, if it be conceded, that even after the parties have taken their depositions, circumstances may exist, which may make it proper to grant leave to amend the bill, it is a conclusive answer to the present motion, that the facts of this case do not bring it within such an exception. As before intimated, from the agency of Allen Latham, in the institution of this suit, and the relation, in which he stood to the plaintiffs, they are chargeable with knowledge of Bezer Latham's interest in the land. And after the case has been pending for seven years, and has been at issue three years, and the parties have taken their testimony, it is clearly too late to allow an amendment of the bill. It would be unreasonable, after the defendants have been so long in court, and have made all their preparations for a hearing, on the pleadings and evidence as filed, that they should be put to answer a new case, by allowing an amendment of the bill. There is a reason too, why this motion should be regarded with little favor, in the fact, that the defendants not only deny in their answers, the equity of the plaintiffs' claim, but set up the lapse of time as a bar to their right to a decree. It is, certainly, in no aspect, a case calling for, or justifying, a relaxation of the settled rules of equity practice. The motion for leave to amend is therefore overruled.