Mr. Justice SWAYNE
 

 delivered the opinion of the court.
 

 The objection made in the court below touching the removal of the case from the State court, and which objection has been renewed here, was not made in the court below until the testimony was all taken, the case was ready for hearing, and nearly three years had elapsed since the trans
 
 *245
 
 fer was made. The objection came too late. Under the circumstances it must be held to have been conclusively waived.
 
 *
 

 We shall consider the record as regards Stewart and Hay as if they were not joint defendants. The case as to each presents a distinct aspect, and requires a separate examination.
 

 I. As to Stewart.
 

 On the 2d of June, 1866, he filed his answer to the original bill. It was subscribed and sworn to by himself, and signed by Mr. Doddridge as his counsel. He thus entered his appearance and placed himself within the jurisdiction of the court. The proceedings thereafter, including his appeal to the State District Court, appear to have been in all things regular down to the removal of the case to the Circuit Court of the United States. The decree of the 8th of December, 1866, from which the appeal was taken, was a final one.
 
 †
 
 When affirmed by the appellate court it was conclusive of the rights of the parties as to everything covered by it, and could not be affected by any action of the Circuit Court of the county or of the United States in the subsequent progress of the ease. That decree was
 
 res judicata
 
 of the most solemn character.
 
 ‡
 

 The decree of the 2d of June, 1869, ascertained the amount due from Stewart for the rents, and ordered that he should pay it. This terminated the litigation under the original bill. After the close of that term — except for reasons not claimed nor shown to exist — the court had no power to revoke or modify this decree.
 
 §
 
 Nothing of the kind was attempted. At the same time that this decree was entered leave was given to the complainant to file the amended bill,
 
 *246
 
 William Dulany, Esq., an attorney of the court, “ appearing in court and consenting thereto.” The amended bill was filed on the 17th of that month. It sought to make Hay liable also for the rents, and Hay and Stewart, liable for the loss and damage as to the furniture. This did not in any wise affect the previous litigation and decrees as to Stewart under the original bill. Those decrees continued to stand as if the ameuded bill had not been filed.
 
 *
 
 The general rule is that an amendment of the bill gives a defendant the right to answer as if he had not answered before.
 
 †
 
 In the state of the case which existed when the amendment here in question was made, no amendment could be allowed. It was then too late. A final decree covering the entire original case subsisted. The court had no power over that decree and never attempted to exercise any. The further relief sought could be reached, if at all, only by a supplemental bill.
 
 ‡
 
 It was a gross error to allow the amended bill to be filed. But the point was not made in the State court nor in the court below, nor in the argument here. The case, according to our views, can be properly disposed of without reference to it. We have, therefore, laid it out of view. An amended bill is esteemed a part of the original bill and a continuation of the suit. But one record is made. But the amendment is sometimes of such a character that it is regarded as an independent graft upon the original case and the beginning of a new
 
 lis pendens.
 

 §
 

 Stewart complained that Dulany appeared and acted for him as to the amended bill without authority. Whether Dulany did so or not is immaterial. New process is neces
 
 *247
 
 sary unless waived upon a supplemental bill and a bill of revivor, but not upon an amended bill as to defendants who are already before the court.
 
 *
 
 Being in court they are bound to take notice of the filing of such bills as of any other proceeding in the ease. In the English practice the complainant is required to serve a copy of the amendment upon the solicitor of the defendant,
 
 †
 
 but this, it is believed, is rarely if ever done in the courts of the States, unless required by an established rule of practice or a special order in the case. In the courts of the United States the subject is regulated by the twenty-eighth rule of equity practice. The State court, by an order of the 23d of December, 1869, directed an issue to be tried as to the furniture, and gave Stewart leave to answer the amended bill.
 

 This was all he had a right to claim, and left him nothing to complain of. In this condition of things the case went to the Circuit Court of the United States. That court possessed the same power in the case as the State court while the case was before it, no more and no less. It certainly did not sit as a court of errors or appeal with jurisdiction to reverse the final decree of the State court made under the original bill. That would be contrary to the intent and meaning of the act of Congress under which the removal was made. Its authority as to Stewart was limited to the allegations of the amended bill in regard to the furniture. So far as he was concerned it presented no other subject of litigation, and nothing else was open to examination under it. If that bill had not been filed there could have been no transfer as to him. On the 22d of October, 1872, the court below, as before stated, set aside all the decrees of the State court and ordered that “ this case do now stand for hearing on the bill, answer, and pleadings.” The entire case was thus opened anew, as if nothing had been done under the original bill by the State court. This was clearly an error.
 
 We
 
 think the liability of Stewart as to the furniture was well made out by the complainant.
 

 
 *248
 
 The court below, by ail issue at law, as directed by the interlocutory order of the State court, or by a reference to a master, should have ascertained the amount and decreed accordingly.
 
 *
 

 The order vacating the decrees of the State court as to Stewart, made under the original bill, is vacated. The final decree dismissing the bill as to him is reversed, and the case will be remanded to the court below with directions to proceed
 

 In conformity with this opinion.
 

 II. As to Hay.
 

 He also filed an answer to the original bill. Like Stewart’s, it was subscribed and sworn to by himself, and was subscribed by counsel. He, too, was bound to take notice of the filing of the amended bill. But the original bill claimed no decree against him. The amended bill, as to him, made an entirely new case. It set up the first claim against him as to the rent and the furniture. His own affidavit and the other proofs showed clearly that Dulany had no authority to appear as his counsel; that he had no actual knowledge of the filing of the bill until after the decree pro
 
 confesso
 
 was taken against him, and that he had a complete defence. It is within the discretion of a court of equity, upon a proper showing, to set aside a decree
 
 pro covfesso
 
 upon such terms as it may see fit to prescribe.
 
 †
 

 The State court well exercised its authority in setting aside the decree against Hay, but it committed a gross error in decreeing against him
 
 eo instcmti
 
 the payment of $2387 on account of the rent, leaving the case open only as to the furniture. To revoke the first decree because he had been ignorant of the filing of the amended bill, and, hence, had made no defence, and then to renew it without giving him an opportunity to be heard, was, to say the least, a singular
 
 *249
 
 anomaly. So far as he was concerned the claim as to the rent and the furniture rested upon exactly the same foundation. If it was proper that he should be heard as to one it was equally so that he should be heard as to the other. There was no difference. The same considerations applied with respect to both. In the renewed decree damages as to the furniture might as well have been included as the charge for the rent. It was no less wrong as to the latter than it would have been as to the former. Time and opportunity to defend being refused, the decree was in effect another decree
 
 pro eonfesso.
 
 It certainly was not a decree upon'the merits after a hearing upon the charge as to the rents.
 

 After the transfer of the case he applied to the Circuit Court of the United States to vacate this decree upon the same showing as in the State court, and it was done. A bill for fraud could not have been maintained, because there was no foundation for the charge. A bill of review would not have availed him, because there was no error apparent upon the face of the decree nor upon the record. The circumstances under which the decree was rendered were very peculiar. They have been stated. The proper mode of seeking redress was by motion upon the showing which was made.
 
 *
 
 The Circuit Court had the power to do what it did and properly did it. This was less expensive, less dilatory, and,much to be preferred to a bill, eveu if the same relief could have been had in that way.' It was also more in accordance with the spirit of sound equity practice.
 

 The entire case made by the bill as to Hay was thus opened. His answer denied all the material allegations against him, and we fiud in the record no evidence whatever to sustain them. No effort seems to have been made to procure any.
 

 
 *250
 
 The bill as to him was rightly dismissed, and iu this respect the decree of the Circuit Court is
 

 Affirmed.
 

 Note.
 

 At the same time with the preceding case was argued, and just after its adjudication was adjudged, another which here follows, an offshoot from the first case, issuing from it as a branch from a main stock. It is requisite, of course, that before reading the smaller ease now given, the reader should be possessed of the larger one already reported.
 

 *
 

 Taylor
 
 v.
 
 Longworth, 14 Peters, 174; Executors of Brasher
 
 v.
 
 Van Cortlandt, 2 Johnson’s Chancery, 242; Skinner
 
 v.
 
 Dayton, 5 Id. 191.
 

 †
 

 Forgay
 
 v.
 
 Conrad, 6 Howard, 204; Thomson
 
 v.
 
 Dean, 7 Wallace. 342.
 

 ‡
 

 Campbell
 
 v.
 
 Campbell, 22 Grattan, 649; Thomson
 
 v.
 
 Albert, 15 Maryland, 282; Hammond
 
 v.
 
 Inloes, 4 Id. 139.
 

 §
 

 Cameron
 
 v.
 
 McRoberts, 3 Wheaton, 591; Bank of the United States
 
 v.
 
 Moss etal., 6 Howard, 31; United States
 
 v.
 
 Glamorgan, 2 Curtis, 236.
 

 *
 

 Young
 
 v.
 
 Frost, 1 Maryland, 394; Washington Bridge Co.
 
 v.
 
 Stewart et al., 3 Howard, 413; Walsh
 
 v.
 
 Smyth, 3 Bland, 20; Keene
 
 v.
 
 Wheatley and Clarke, 9 American Law Register, 60.
 

 †
 

 1 Daniell’s Chancery Practice, 411 (Perkins’s edition of 1865).
 

 ‡
 

 Thorn
 
 v.
 
 Germand, 4 Johnson’s Chancery, 363 ; Shephard
 
 v.
 
 Merrill, 3 Id. 423; Chandler a. Pettit, 1 Paige, 168; Stafford
 
 v.
 
 Hewlett, lb. 200; Bowen
 
 v
 
 Idley, 6 Id. 46; Ross
 
 v.
 
 Carpenter, 6 McLean, 382; Walsh
 
 v.
 
 Smyth, 3 Bland, 20; Sanborn
 
 v.
 
 Sanborn, 7 Gray, 142; Verplanek v. Mercantile Insurance Co., 1 Edwards, 46.
 

 §
 

 Miller
 
 v.
 
 McIntire, 6 Peters, 61; Walsh
 
 v.
 
 Smyth, 3 Bland, 20.
 

 *
 

 Cunningham
 
 v.
 
 Pell, 6 Paige, 657; Long worth
 
 v.
 
 Taylor, 1 McLean, 516.
 

 †
 

 Woodhouse
 
 v.
 
 Meredith, 1 Jacob & Walter, 207.
 

 *
 

 Kelsey
 
 v.
 
 Hobby, 16 Peters, 269.
 

 †
 

 Wooster
 
 v.
 
 Woodhull, 1 Johnson’s Chancery, 539; Beekman
 
 v.
 
 Peck, 3 Id. 415.
 

 *
 

 Kemp
 
 v.
 
 Squire, 1 Vesey, Sr., 112; Robinson
 
 v.
 
 Oran well, 1 Dickins, 1; Erwin
 
 v.
 
 Vint, 6 Mumford, 267; Piekett’s Heirs
 
 v.
 
 Legerwood et al., 7 Peters, 144; see also Tilden
 
 v.
 
 Johnson, 6 Cushing, 354; Balch and wife v. Shaw, 7 Id. 284; Hall
 
 v.
 
 Williams, 1 Fairfield, 278.