MISSOURI PAC. RY. CO. et al. v. JONES, Circuit Attorney, et al.

(Circuit Court, W. D. Missouri. May 10, 1909.)

No. 3,465.

COURTS (§ 508*)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION—INJUNCTION BY FEDERAL COURT AGAINST PROCEEDINGS IN STATE COURT.

A federal court, which has entered final decrees adjudging a statute fixing railroad passenger rates unconstitutional and void as confiscatory, which decrees have not been appealed from, and reserved jurisdiction over the subject-matter to permit application for modification if conditions should change, will on a supplemental bill enjoin a circuit attorney of the state from prosecuting a suit in a state court to restrain the railroad companies affected from charging more than the statutory rate, and the purpose of which is to relitigate the question of the validity of the statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

In Equity. On supplemental bill for injunction.

Frank Hagerman, for complainants.
Martin L. Clardy, for complainant Missouri Pac. Ry. Co.
J. L. Minnis, for complainant Wabash R. Co.
S. H. West, for complainant St. Louis Southwestern Ry. Co.
Geo. P. Jackson, for complainant Missouri, K. & T. Ry. Co.
O. M. Spencer, for complainant Chicago, B. & Q. Ry. Co.
W. C. Scarritt, for complainant Chicago & A. R. Co.
Gardiner Lathrop, for complainant Atchison, T. & S. F. Ry. Co.
S. W. Moore, for complainant Kansas City S. Ry. Co.
John H. Lucas, for complainant Kansas City, C. & S. Ry. Co.
J. G. Trimble, for complainant Quincy, O. & K. C. Ry. Co.
Elliott W. Major, Atty. Gen., and Sanford B. Ladd, Seebert G. Jones, Circuit Atty., John Kennish, Rush C. Lake, and Jeptha D. Howe, for defendants.

SMITH McPHERSON, District Judge. March 8, 1909, this court by an opinion read and filed in open court declared the two-cent pas-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

senger fare state statute void, for the reason that such rate was not remunerative. Shortly thereafter decrees were accordingly entered. That term of court has expired, and those decrees have not been modified, nor appealed from as yet, although it is said that appeals will be taken. April 8, 1909, the defendant Jones, as circuit attorney for St. Louis county, instituted in the state court at that place an action in equity against all said companies, except one, to enjoin them from putting in force a rate schedule by agreement charging any rate in excess of two cents per mile for state business. A supplemental bill has been filed herein, praying that defendant Jones be enjoined from prosecuting the action in the state court.

In the decrees in this court jurisdiction was retained over the subject-matter, namely, that of rates, with the right of either party to have the decrees modified when a changed condition should arise. Such practice has prevailed from time immemorial, and was expressly authorized by the Supreme Court of the United States in the great Nebraska railroad rate case. The question now is as to whether this court by its decrees should enjoin defendant Jones from prosecuting the action he has brought in the St. Louis state court, and that depends upon whether the subject-matter of the case in the state court is with reference to rates.

There are many allegations in the state court petition of and concerning alleged agreements by the companies, but the vice of the alleged agreements is because of the price per mile; and the state court so understood it when it issued two restraining orders. The orders follow the petition and the amendment. The two orders recite that the railway companies are enjoined from carrying out the agreement by combination of exacting and receiving in excess of two cents per mile by any form of ticket or mileage book. The orders enjoin the companies from carrying out any agreement as to passenger rates and from discriminating as between passengers using the various kinds of tickets.

It is apparent that the price charged is the real, substantial complaint. No one understands this better than does Circuit Attorney Jones, a defendant herein, because on his motion he has since obtained orders dismissing the case as to three railway companies, who now agree to charge 2½ cents per mile, and he has filed like motions to dismiss as to three other companies because they have now agreed to charge 2½ cents per mile, and under oath, as a witness before me, he testified that he will dismiss the case as to all the companies whenever they will pledge themselves to make a like charge of 2½ cents per mile. He thereby shows that his action is of and concerning, and that his concern is to get, a rate of 2½ cents per mile—in my opinion a commendable purpose as to the strong roads, if it can be brought about; but, if ever brought about, it must be by what is called legislative action, and cannot be brought about by decrees of a court. It is apparent, and Mr. Jones conclusively makes it appear, that he is attempting to relitigate the question of passenger rates unless the matter can be adjusted by compromise. The subject-matter to that extent is the same as has been covered by the decrees of this court,

and that question can only be relitigated by an appeal to the Supreme Court of the United States, where all mistakes, if any, of this court will be corrected.

About the time the passenger statute on its face took effect a full hearing on an application for a temporary injunction was had; both sides being represented by counsel. The writ of injunction was denied, and this court ordered the companies to put in the two-cent rate pending a hearing and investigation. The right to charge more than two cents, if such right existed, was thereby, by force of this court's orders, taken from the companies. When this court by final decree declared that the two-cent rate was void, the companies were thereby restored to such rights, and to such rights only, as they formerly had, and it was the duty of this court to reinstate such status as is readily understood by those familiar with the authorities presently to be cited. Some of the companies have applied to the state Supreme Court for a writ of prohibition against the St. Louis court. That is soon to be heard. I assume that the state Supreme Court has full power to command the St. Louis court to proceed or to desist, as the Supreme Court may be advised. This court cannot do that. This court is limited in its orders over the party who brings such case, and not over the court itself. So that the restraining orders already issued by the state court will soon be under review, and full justice done by the state Supreme Court. The parties should promptly and cheerfully present themselves to that court in the prohibition case, because no one need doubt but that such a hearing will be given by that eminent court as to satisfy all parties.

Embarrassing as this case has become, I cannot conceive of the performance and a conscientious regard of duty, other than to make the order, knowing that the authorities demand it. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Julian v. Trust Company, 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629; Wabash R. R. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; French v. Hay, 22 Wall. 250, 22 L. Ed. 854; Prout v. Starr, 188 U. S. 537, 23 Sup. Ct. 398, 47 L. Ed. 584; Ex parte Young, 209 U. S. 123, 162, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932.

The Attorney General of the state has had nothing to do with the St. Louis court case, and says that he will not have anything to do with such case. He should not be enjoined. The same is true as to the State Railroad Commissioners.