### JUILLARD et al. v. BARR.

(Circuit Court of Appeals, Second Circuit. March 10, 1910.)

No. 125.

1. REMOVAL OF CAUSES (§ 45*)—ACTION BY NONRESIDENT—COURT TO WHICH CAUSE WAS REMOVABLE.

Where plaintiff, a citizen of Pennsylvania, brought suit on contract in the Supreme Court of New York against citizens of that state, it was not removable to the Circuit Court of the United States sitting in New York, under Removal Act March 3, 1875, c. 137, § 2, 18 Stat. 470, amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552 (U. S. Comp. St. 1901, p. 509), providing that a suit pending in a state court, of which the Circuit Court is given jurisdiction, may be removed by the "defendant" therein, being a "nonresident" of that state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89; Dec. Dig. § 45.*]

2. REMOVAL OF CAUSES (§ 111*)—ERRONEOUS REMOVAL—JURISDICTION ACQUIRED.

Where a case was erroneously removed from a state to a federal court, the federal court acquired no jurisdiction, and a judgment therein would be reversed on a writ of error, and the cause remanded, with directions to remand the cause to the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 239; Dec. Dig. § 111.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Augustus D. Juillard and others against Daniel M. Barr, doing business as the Barr Manufacturing Company. Judgment for defendant, and plaintiffs bring error. Reversed, with directions.

Boothby & Baldwin (John W. Boothby, of counsel), for plaintiffs in error.

Epstein Bros. (J. S. Epstein, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The plaintiff, a citizen of Pennsylvania, brought this suit on contract in the Supreme Court of the state of New York against the defendants, citizens of that state. They removed the cause to the Circuit Court of the United States where it was tried and a judgment entered for the plaintiff which is before us on writ of error. Act March 3, 1875, c. 137, § 2, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552 (U. S. Comp. St. 1901, p. 509), provides that a civil suit pending in a state court of which the Circuit Court is given jurisdiction by section 1, may be removed by the defendant or defendants therein being "nonresidents of that state." Section 5 of the same act makes it the duty of the Circuit Court to proceed no further when it shall appear that such suit does not involve a controversy within its jurisdiction. As the petition for removal states that the defendants are all residents of the state of New York, they were not entitled to remove and we are without jurisdiction. Martin v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Snyder, 148 U. S. 663, 13 Sup. Ct. 706, 37 L. Ed. 602; Freeman **v.** Butler (C. C.) 39 Fed. 1.

The judgment is reversed and the Circuit Court directed to enter an order remanding the cause to the state court; costs of the Circuit Court and of this court to be paid by the defendants.