### IRVIN JACOBS & CO. v. LEVIN et al.
### Civ. No. 26452.

United States District Court
N. D. Ohio, E. D.
Sept. 6, 1949.

Bolton, Taggart, Boer, Mierke & Mc-Clelland, Cleveland, Ohio, for plaintiff.

Frank K. Levin, Cleveland, Ohio, Arnold S. Levin, Lorain, Ohio, for defendants.

JONES, Chief Judge.

This is an action upon a contract for services rendered. The action was begun in the Court of Common Pleas of Cuyahoga County and removed to this Court upon petition of defendants. The amount in controversy exceeds $3,000. Plaintiff is a Delaware corporation and defendants are citizens of Ohio.

Defendants have filed the following motions:

1. Motion to remand;
2. Motion to dismiss;
3. Motion for more definite statement;
4. Motion to strike.

Considering first the Motion to Remand, 28 U.S.C.A. § 1441 deals with removal and the parts applicable to this case are subsections (a) and (b) which read as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendants base the propriety of this removal upon subsection (a) of Section 1441 while plaintiff contends that subsection (b) is also applicable and does not permit removal if any of the parties defendant are citizens "of the State in which such action was brought."

Defendants say that the phrase "any other such action" in the last sentence of subsection (b) of Section 1441 refers to an action of which the district courts do not have original jurisdiction but which is founded on a claim arising under the Constitution or laws of the United States. Although plaintiff does not so state, I assume it would necessarily have to take the position that the phrase "any other such action" refers to "any civil action of which the district courts have original jurisdiction", appearing at the beginning of subsection (b).

28 U.S.C.A. § 1331 provides as follows: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs and arises under the Constitution, laws or treaties of the United States."

Thus, following defendants' theory (and as it is set forth in their brief) the phrase "any other such action" of Section 1441(b) would mean any action arising under the Constitution or laws of the United States wherein the amount in controversy is less than $3,000 since this is the only type of action arising under the Constitution or laws of the United States of which the district courts would not have original jurisdiction. If this theory were correct and it were carried to its logical conclusion we would have a situation whereby an action, arising under a statute of the United States involving an amount in controversy of less than $3000, and between parties of diverse citizenship, could not be brought by either party in a district court under 28 U.S.C.A. § 1331 et seq., but could be removed to a district court by a non-resident defendant if it were brought first in a state court. Such an obviously unreasonable re-

sult demonstrates the invalidity of defendants' theory.

Furthermore, prior to the recent codification of the judicial code, a resident defendant could not remove any case from his own state court to a district court unless the action arose under the laws of the United States. The reviser's notes do not suggest that any change in this rule was intended by the codification. Reviser's Notes, pp. 1854, 1855, 28 U.S.C.A.

The language of 28 U.S.C.A. § 71, Judicial Code prior to recent amendment and codification, provided as follows with respect to removal of actions upon the basis of diversity of citizenship: "Any other suit of a civil nature (meaning any suit other than one arising under the Constitution or laws of the United States) at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State."

Under the statute prior to the recent amendment, where the sole ground for removal was diversity of citizenship: "The removing party must occupy the position of a defendant in the litigation and must have been sued in the courts of some state other than that of which he is a citizen." Cyclopedia of Federal Procedure, Vol. 2, p. 106.

So, while Section 1441(b) may be ambiguous as to the meaning of "any other such action," it seems clear that the law preceding the amendment, coupled with the lack of any statement in the reviser's notes suggesting an intention to substantially change the removal provisions, and the obviously improper result of defendants' interpretation, as shown above, indicates that the second sentence of Section 1441(b) is a limitation on Section 1441(a). The conclusion thus reached is that since this is not an action arising under the Contitution or laws of the United States, it is not removable under Section 1441(b) because defendants are citizens of the State in whose courts the action was brought.

For these reasons the motion to remand will be sustained.

In this view of the matter there is no reason for consideration of the other motions.