### MONROE v. UNITED CARBON CO.

### No. 13717.

United States Court of Appeals
Fifth Circuit.

May 2, 1952.

---

**456**

Alden T. Shotwell, Monroe, La., for appellant.

George M. Snellings, Jr., Monroe, La., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

Alleged federal jurisdiction in this case rests solely upon diversity of citizenship between the parties, and the requisite jurisdictional amount, 28 U.S. Code, § 1332 (a) (b), but this action was originally filed in a state court of Louisiana, and removed to the court below upon the petition of the defendant therein, who is a citizen of Louisiana, the plaintiff therein being a Delaware corporation.

The petition for removal, filed by appellant, alleges that, inasmuch as plaintiff is a citizen of the State of Delaware, and the amount in controversy is over three thousand dollars, exclusive of interest and costs, said action is one in which the district courts of the United States are given original jurisdiction; and that petitioner is, therefore, entitled to remove said cause from the state court, wherein said action was instituted, to the United States District Court for the Western District of Louisiana. The appellant's petition is filed under Section 1446 of the new Judicial Code, 28 U.S.C. § 1446; but Section 1441(b) of said code is as follows:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (Emphasis supplied.)

This is an instance where the removal jurisdiction of the federal court is narrower than its original jurisdiction. Paragraphs (a) and (b) of Section 1441 must be read together. So read, it is apparent that no change in this respect was made by the new code, which became effective September 1, 1948. See Irvin Jacobs & Co. v. Levin, D.C., 86 F.Supp. 850; Id., 6 Cir., 180 F.2d 356. This is not a question of simple irregularity in the procedural requirements as to the removal of a case, but it is an instance where the requisites of removal jurisdiction do not exist, removal jurisdiction being wholly statutory. Section 1441(a), "except as

otherwise expressly provided", grants removal jurisdiction of any civil action of which the district courts have original jurisdiction; but, in the very next paragraph, it is otherwise expressly provided as follows: "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Thus the statute expressly makes a distinction between the original jurisdiction and the removal jurisdiction of the United States district courts. 28 U.S.C. § 1332 and 1441(b). Nevertheless, where a resident defendant has improperly removed a suit on the ground of diversity of citizenship, if no motion to remand is made and all jurisdictional requisites under said section 1332 are present, the court may treat it as an action originally brought in the federal court, and in which the question of venue and all procedural requirements are waived. The prototype of authorities to this effect is Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 110, 45 L.Ed. 155, which strangely enough did not depend wholly as to jurisdiction on diversity of citizenship. In that case, the court said:

"We do not mean to be understood to say that mere consent, or even voluntary action by the parties, can confer jurisdiction upon a court which would not have possessed it without such consent or action. But here the circuit court [10 Cir., 106 F. 985] had, independently of the citizenship of the parties in the damage suit, jurisdiction over the railroad and its property in the hands of its receiver. It may be that its jurisdiction was not, by reason of the act of March 3, 1887, exclusive of that of other courts in controversies like the present one. But when the receiver, waiving any right he might have had to have the cause tried in a state court, brought it before the court whose officer he was, he cannot successfully dispute its jurisdiction. The claim was against him as receiver, and, if successfully asserted, would affect the property of the Denver City Railroad Company, which was in course of administration by the circuit court of the United States for the benefit of its creditors, among whom were the defendants in error. As, then, the cause of action arose out of the alleged misconduct of the receiver, or of his agents, for whom he was responsible, and as the property to be affected was in the exclusive control of the circuit court, that court plainly had jurisdiction to entertain and determine the controversy, whether that jurisdiction was invoked by the parties seeking redress, or, as in this case, by the receiver. Minnesota Co. v. St. Paul Co., 2 Wall. 609 [17 L.Ed. 886]."

In Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, the Sixth Circuit held that a cause was not removable by a resident defendant on the ground of diversity of citizenship; that consent could not confer jurisdiction on a federal court; and, if the record in that court did not show jurisdiction, it was the duty of the court of its own motion to refuse to exercise it; but that, where a federal court would have had jurisdiction of a cause if originally brought therein, and the parties fully consented to its jurisdiction after removal and acted thereon, it might retain jurisdiction though the cause was removed by a resident defendant who was without right of removal under the statute.

In Bailey v. Texas Company, 47 F.2d 153, the Second Circuit held that mutual consent of parties did not confer substantive federal jurisdiction, but that where a cause, of which the court would have had original jurisdiction, was improperly removed from the state court, the federal court might proceed to judgment if the plaintiff went to trial without moving to remand. The court said, 47 F.2d at page 155:

"However, though the action was not removable, the District Court got jurisdiction over it, if both parties agreed, as they did. In such a case the mutual consent, so evidenced, does not confer substantive jurisdiction, as of course it cannot, but the resulting situation is equivalent to initiating an action in the District Court in which

the defendant appears. The Supreme· Court originally held the opposite (Torrence v. Shedd, 144 U.S. 529, 12 S.Ct. 726, 36 L.Ed. 528; Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602), and we followed in Juillard v. Barr, 2 Cir., 177 F. 921, and said as much obiter in Dickinson, etc., Co. v. Dickinson, 2 Cir., 29 F.2d 493, 494. But the reverse was held in Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155 (see, also, Gableman v. Peoria, etc., Ry. Co., 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220), and this has become the generally accepted doctrine, [Guarantee Co. v. Mechanics', etc., Co., 6 Cir., 80 F. 766, 771; Toledo, etc., Ry. Co. v. Perenchio, 7 Cir., 205 F. 472, 475; Handley-Mack Co. v. Godchaux Sugar Co., 6 Cir., 2 F.2d 435, 436, 437]. Judge Knappen's opinion in the last case seems to us conclusive. Indeed we cannot see any reasonable ground to distinguish the effect of such a removal from one made after the time allowed by the statute, in which event it is settled that, if the plaintiff consents, the District Court has jurisdiction. French v. Hay, 22 Wall. 238, 22 L.Ed. 854; Ayres v. Watson, 113 U.S. 594, 597–599, 5 S.Ct. 641, 28 L.Ed. 1093; Martin v. B. & O. R. Co., 151 U.S. 673, 688–691, 14 S.Ct. 533, 38 L.Ed. 311. We conclude therefore that Baggs v. Martin has overruled Martin v. Snyder and Torrence v. Shedd, and that when the plaintiff goes to trial without asking for a remand, the cause being one of which the statute gives the court jurisdiction, it may proceed to judgment."

In Lopata v. Handler, 121 F.2d 938, the Tenth Circuit held that where an action is one of which a federal court may take jurisdiction, that is, a case which plaintiff might properly bring in a federal court, and defendant procures its removal from a state court and plaintiff acquiesces in removal, the federal court acquires jurisdiction although such removal is unauthorized. The court further stated that while the parties cannot confer substantive jurisdiction by consent, they may waive the lack of proper venue.

In American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, which originated in the Fifth Circuit, 181 F.2d 845, and was decided just a year ago, the Supreme Court clearly recognized the line of authorities stemming from Baggs v. Martin, supra, and distinguished them from the situation that obtained in the Finn case. There the federal district court did not have substantive jurisdiction in the first instance, because a Texas citizen was plaintiff, one of the defendants was a citizen of Texas, and there was but one cause of action. The suit could not have been initiated in the federal district court; therefore, no acquiescence in its improper removal could confer jurisdiction.

In Fennell v. John Hancock Mutual Life Ins. Co., 5 Cir., 177 F.2d 737, the jurisdictional amount was lacking, which was a defect in substantive federal jurisdiction that could not be cured. The Supreme Court pointed out the distinction between the Finn and Fennell cases and that which prevails in the case at bar, as follows:

"There are cases which uphold judgments in the district courts even though there was no right to removal. In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment. That is, if the litigation had been initiated in the federal court on the issues and between the parties that comprised the case at the time of trial or judgment, the federal court would have had cognizance of the case. This circumstance was relied upon as the foundation of the holdings. The defendant who had removed the action was held to be estopped from protesting that there was no right to removal. Since the federal court could have had jurisdiction originally, the estoppel did not endow it with a jurisdiction it could not possess. In this case, however,

the District Court would not have had original jurisdiction of the suit, as first stated in the complaint, because of the presence on each side of a citizen of Texas." 341 U.S. 16–17, 71 S.Ct. 541, 95 L.Ed. 702.

See also Noethe v. Mann, D.C., 27 F.2d 451; Carpenter v. Baltimore & O. R. Co., 6 Cir., 109 F.2d 375; Jackson v. Missouri, Kansas & Oklahoma Coach Lines, D.C., 63 F.Supp. 828.

█ Therefore, although this case was improperly removed, and should have been remanded if a timely motion to that effect had been made, we proceed to a determination of it on the merits, both parties urging us to do so, and the suit being one of which the federal court has original substantive jurisdiction. We agree with the trial court's interpretation of the contract, its findings of fact, and its conclusions of law. Accordingly, the judgment appealed from is affirmed.

Affirmed.