**CHEVRIER et al. v. METROPOLITAN OPERA ASS'N, Inc.**

United States District Court
S. D. New York.

June 16, 1953.

Zissu & Marcus, New York City, for plaintiffs.

Lauterstein & Lauterstein, New York City, for defendant.

EDELSTEIN, District Judge.

■ Plaintiffs, citizens of France, have moved under § 1447 of Title 28 U.S. Code to remand to the Supreme Court of New York. The removal was improper because the action does not arise under the laws of the United States and defendant is a citizen of the State in which the action was brought. 28 U.S.C. § 1441(b); see Irvin Jacobs & Co. v. Levin, D.C., 86 F.Supp. 850, affirmed, 6 Cir., 180 F.2d 356; Monroe v. United Carbon Co., 5 Cir., 196 F.2d 455. However, because diversity of citizenship and the requisite jurisdictional amount exist, the suit is one which might properly have been brought originally in this court. Inasmuch as there is substantive jurisdiction, the defendant contends that this court may retain jurisdiction notwithstanding the improper removal, by virtue of the consent of the parties.

■■ It is well settled that such jurisdiction on removal may be conferred by consent. Bailey v. Texas Company, 2 Cir., 47 F.2d 153; Monroe v. United Carbon Co., supra, and cases there cited. The problem here is whether the plaintiffs have manifested consent. No objection to the removal was raised by plaintiffs, and notice of appearance in this court on behalf of the defendant was furnished to plaintiffs' counsel at their request. A stipulation was entered into extending defendant's time to answer or move. After service of a notice to take the oral depositions of plaintiffs in New York, plaintiffs served a notice of motion to substitute written interrogatories for the proposed oral examination, or in the alternative to substitute oral examination of plaintiffs in Paris. Subsequently, stipulations were entered into adjourning the return date of the motion and adjourning examination of plaintiffs pending the decision. At the argument of the motion, counsel for plaintiffs appeared without questioning the jurisdiction of this court. Upon denial of the motion, plaintiffs' counsel requested and received a hearing upon the order to be settled, in an attempt to defeat a provision precluding plaintiffs from examining defendant before defendant examined plaintiffs. Three days after the settlement of the order adversely to the plaintiffs, the notice of motion to remand was served.

From this sequence of events the inference is inescapable that the plaintiffs would have been content with the jurisdiction of this court had its decision permitted the depositions to be taken in a manner satisfactory to them. Having been unsuccessful in arranging the discovery proceedings suitably, plaintiffs now seek another forum. Such a presumption upon the jurisdiction of this court cannot be permitted. The plaintiffs have accepted jurisdiction by affirmative acts in recognition of and submission to it, and they are too late to complain of an improper removal.

Accordingly, the motion to remand will be denied.