Charles N. MAYBRUCK and Paul A. Fund, Plaintiffs,

v.

David HAIM and Joyce Haim, Defendants.

No. 68 Civ. 2324.

United States District Court
S. D. New York.

Sept. 24, 1968.

Royall, Koegel, Rogers & Wells, New York City, for plaintiffs.

Cooper, Ostrin, DeVarco & Ackerman, New York City, for defendant Joyce Haim.

MANSFIELD, District Judge.

Plaintiffs, citizens of New York, sued David Haim, a citizen of Colombia, and his wife Joyce, a citizen of Great Britain, in the Supreme Court of the State of New York, County of New York, alleging fraud, breach of contract, and breach of fiduciary duty in connection with plaintiffs' purchase in 1963 of stock of Dorset, S. A., a Mexican corporation, and the management of its affairs thereafter by the defendants. Personal service was made on Mrs. Haim in New York City on May 10, 1968, and on Mr. Haim in Mexico on June 4, 1968. On June 6, upon a petition for removal filed solely on behalf of Mrs. Haim, the case was removed to this Court. On June 17 Mrs. Haim moved to dismiss the action, and on July 12 plaintiffs moved for remand to the state court and for an order to sustain the attachment of certain property. On July 23 an amended petition for removal, joined in by Mr. Haim, was filed.

The papers filed by the parties contain numerous charges and counter-charges of fraud, bad faith, malicious conduct, and other misdeeds, arising out of differences that developed between them after plaintiffs, in 1963, invested $120,000 in stock of Dorset, following negotiations between the parties in New York and Mexico. Plaintiffs allege that despite the fact that they were thereby to acquire a 50% interest in Dorset, the Haims jointly to own the other 50% (in Mr. Haim's name), the latter fraudulently concealed a plan, which they later carried out, to dilute plaintiffs' 50% interest through various illegal corporate maneuvers that deprived plaintiffs of their 50% voting strength and the full fruits of their investment. Defendant David Haim has defaulted. Defendant Joyce Haim, his wife, denies any involvement or interest in the matter or in Dorset, S. A., and claims that the lawsuit and attachments represent a malicious abuse of process designed to force her and her husband to pay monies not due plaintiffs who, she alleges, owe her substantial amounts on other transactions between them. Apparently efforts to resolve their differences by an agreement in January of this year were unsuccessful, precipitating the present litigation.

The initial question is whether the failure of Mr. Haim to join in the original petition for removal is a fatal defect requiring remand to the state court. The general rule that all defendants upon whom service has been made must join in a petition for removal is well settled. Moosbrugger v. McGraw-Edison Co., 215 F.Supp. 486 (D.Minn. 1963). Exceptions to this rule in the case of separable controversies, Board of Directors of Crawford County Levee District v. Whiteside, 87 F.Supp. 69 (D.Ark.1949), or where one of the defendants is merely a nominal party, Bradley v. Maryland Casualty Co., 382

F.2d 415 (8th Cir. 1967), are irrelevant here. Mrs. Haim, however, urges that other principles render the general rule inapplicable in this case.

■■ The first point made by Mrs. Haim's counsel is that when, on June 6, 1968, he filed on her behalf the petition for removal (which was required to be filed by June 9, 1968), the New York County Supreme Court's records did not reveal that (pursuant to N.Y.C.P. L.R. § 302) service of process had been made upon Mr. Haim in Mexico City on June 4, 1968, the return of service not being filed in court until June 11; and that after learning of the service upon Mr. Haim, a second petition for removal was filed on his behalf on July 23d. Defendant's counsel urges that these circumstances constitute excusable delay calling for treatment of the amended petition as curing the original petition's defect, *nunc pro tunc*. The contention, however, overlooks the husband-wife relationship of the two defendants, who resided together in Mexico City, and the fact that Mr. Haim had been specifically instructed to notify Mrs. Haim's counsel if he should be served. Thus all parties were well aware of the prospect of such service and the importance of communicating it to counsel prior to the filing of Mrs. Haim's petition, which was due on or before June 9th. With telephonic communication between Mexico City and New York a mere matter of minutes, no valid excuse is shown for relying on court records in New York, and no policy considerations favor the treatment of such circumstances as a basis for excusable late filing, even if such discretionary power existed in the court. On the contrary, since the right to removal is entirely a creature of statute, the requirement that there be "some affirmative action by each and every one" of the defendants must be respected. See decision of Judge Blumenfeld in a very similar case in Norwich Realty Corp. v. United States Fire Ins. Co., 218 F.Supp. 484 (D.Conn.1963).

■■ Furthermore, having been served on June 4, Mr. Haim had 30 days within which to file a removal petition. 28 U.S.C. § 1446(b). Yet no such petition was filed until July 23, which was too late for it to be effective. The 30-day limit for the filing of the removal petition, 28 U.S.C.A. § 1446 (1965), is mandatory and cannot be extended by this Court. Green v. Zuck, 133 F.Supp. 436 (S.D.N.Y.1955); Dutton v. Moody, 104 F.Supp. 838 (S.D.N.Y.1952). Defendant, however, suggests that the amendment can operate *nunc pro tunc* to cure the original petition. Although amendment of a removal petition to cure formally defective allegations of jurisdiction pursuant to 28 U.S.C.A. § 1653 (1948), such as to add allegations as to the principal places of business of the parties, Firemen's Insurance Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961), has been permitted, failure to take affirmative action seeking removal until after the 30-day time limitation has expired may not be cured retroactively.

■ Although the 30-day time limit is mandatory, it is not jurisdictional. Thus while the Court has no power to extend the time limit, a party may by action which constitutes a waiver, lose his right to object to a late filing. Mackay v. Uinta Development Co., 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L. Ed. 702 (1951); Green v. Zuck, supra; Moore, Federal Practice (2d ed.), Vol. 1A, § 0.157[11].

■ To constitute a waiver or consent to the federal court's assumption of jurisdiction, however, there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial, Green v. Zuck, supra, or the right to take depositions, Chevrier v. Metropolitan Opera Ass'n, 113 F. Supp. 109 (S.D.N.Y.1953), or has filed an amended complaint seeking further or different relief from the federal court,

Matter of Moore, 209 U.S. 490, 28 S.Ct. 585, 52 L.Ed. 904 (1907); Donahue v. Warner Bros. Pictures, Inc., 194 F.2d 6 (10th Cir. 1952).

■ The burden remains with the removing party to show compliance with statutory removal requirements, and where the propriety of removal is in doubt, such doubts must be resolved against federal retention of jurisdiction. Lance International Inc. v. Aetna Casualty & Surety Co., 264 F.Supp. 349, 356 (S.D.N.Y.1967). The reason behind this rule is that where (as in the present case) a resident properly invokes the jurisdiction of the state court of his residence to resolve a dispute arising out of conduct within the state or (as here) involving attached property in the state, maintenance of amicable state-federal relations dictates against the federal judiciary's "reaching out" to assume jurisdiction over a matter lying equally within the state's concurrent jurisdiction. The growing trend is against unnecessary embracement of diversity jurisdiction which is a statutory creature. See, for example, recommendations of the American Law Institute which would preclude resident plaintiffs from invoking federal diversity jurisdiction, Official Draft, The American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, September 25, 1965. Where, as here, a state court invoked by resident plaintiffs is fully competent to adjudicate the issues, procedural statutory conditions precedent to removal should not be disregarded or treated lightly except where fundamental unfairness would ensue. This case does not fall within such an exception.

Nothing in the conduct of the plaintiffs after removal of the case to this Court constituted affirmative conduct or unequivocal assent which would render it unfair to remand the case. The adjournment of pretrial depositions pending determination of defendant's motion to dismiss, the timely filing of a jury trial demand, and the stipulations on two occasions for adjournment of the return date of defendant's motion to dismiss, constituted mere procedural steps designed to accommodate the parties rather than affirmative action intended to use this Court's jurisdiction for adjudication of a substantial right. Such conduct does not approximate the significance of plaintiffs' unsuccessful litigation of the jury trial issue in Green v. Zuck, supra, or plaintiffs' equally unsuccessful attempt in Chevrier v. Metropolitan Opera Ass'n, 113 F.Supp. 109 (S.D.N.Y. 1953), to substitute written interrogatories for oral depositions, which led the Court to the inescapable inference "that the plaintiffs would have been content with the jurisdiction of this court had its decision permitted the depositions to be taken in a manner satisfactory to them." 113 F.Supp. at 110. No such conduct can be attributed to plaintiffs here. Nor did plaintiffs' delay of a few weeks in seeking remand work any prejudice on defendants or approximate sleeping upon their rights of the type found in decisions relied upon by defendants.

■ While the plaintiffs' conduct, in requesting this Court, by motion filed July 12, 1968, to enter orders with respect to their attachments, amounted to affirmative action, it did not constitute a waiver or consent, since the application was made simultaneously with the motion to remand and sought merely a preservation of the attachment already effectuated in the state court proceeding, pending this Court's disposition of the motion to remand. See Kearney v. Dollar, 111 F.Supp. 738 (D.Del.1953).

■ Even applying the more liberal federal view of the doctrine of *forum non conveniens* rather than the more limited view followed by the courts of New York, see de la Bouillerie v. de Vienne, 300 N.Y. 60, 80 N.E.2d 15, 48 A.L.R.2d 798 (1949), dismissal on such a ground would not be warranted here. Although the issues may lead to some consideration of the internal affairs of Dorset, S. A., a Mexican corporation, see Rogers v. Guaranty Trust Co. of New York, 288 U.S. 123, 130, 53 S.Ct. 295, 77 L.Ed. 652 (1932); Koster v. (American)

Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), the dominant claim is alleged fraud by the individual defendants inducing plaintiffs to invest, and money damages only are sought. Furthermore, the transactions occurred at least in part in the State of New York, which would weigh in favor of retention of jurisdiction, particularly since the plaintiffs are New York residents who would be severely inconvenienced by being forced to resort to Mexican tribunals. Such circumstances normally bar dismissal on grounds of *forum non conveniens*. See Williams v. Green Bay & Western R. R. Co., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 31 (1944); Lewald v. York Corporation, 68 F.Supp. 386 (S.D.N.Y.1946). Although federal courts have been willing to use the doctrine to transfer a suit to another federal district within the United States, it is rarely and reluctantly used to force an American citizen to resort to a foreign tribunal, being invoked for such purposes only in extraordinary circumstances. Ciprari v. Servicos Aereos Cruzeiro do Sul, 232 F.Supp. 433 (S.D.N.Y.1964); Mobile Tankers Co., S. A. v. Mene Grande Oil Co., 363 F. 2d 611 (3d Cir. 1966); Burt v. Isthmus Development Co., 218 F.2d 353 (5th Cir. 1955). No such extraordinary circumstances appear here. On the contrary, plaintiffs, as American citizens and residents of New York suing for money damages with respect to transactions that took place partly in New York, should not be forced to seek redress in a foreign country. Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633 (2d Cir. 1956). The balance of conveniences would clearly favor retention of jurisdiction. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055 (1946).

Furthermore, regrettable as is the delay occasioned by the preliminary sparring of the parties with respect to the choice of forum, a remand should not work any substantial prejudice upon the defendants. There is no suggestion that the Supreme Court of the State of New York would fail to assure them of just as high a level of justice as it would to residents of New York. The New York state courts, with their liberal view of summary judgment, will undoubtedly give careful consideration to the motions which defendant seeks to raise here.

Accordingly, for the foregoing reasons, plaintiffs' motion to remand the action to the New York State Supreme Court for the County of New York is granted. Pursuant to 28 U.S.C.A. § 1450, in order to sustain plaintiffs' attachments, the time within which the attached assets are to be reduced to the possession of the County Sheriff is hereby extended until October 22, 1968.

So ordered.